**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Routson, et al., | No. CV-15-8286-PCT-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Sally Jewell, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' fully briefed application for fees under the Equal Access to Justice Act ("EAJA"). (Docs. 67, 70, 71) As detailed below, the Court concludes that Plaintiffs are entitled to an award of $33,363.15.

**Factual and Procedural Background**

The Routsons initiated this matter as an appeal from an adverse administrative decision at the Bureau of Land Management's Interior Board of Land Appeals (IBLA). (Doc. 25) After the Court denied Defendants' motion to dismiss, both parties filed motions for summary judgment. (Docs. 30, 42, 44) The Court concluded that the IBLA decision was based on a land survey that appeared to be erroneous and so it denied both motions and remanded for further proceedings. (Doc. 58)

**Legal Standard**

Under EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . against the United States . . . unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The dual factors of (1) a material alteration in the parties' legal relationship that is (2) judicially sanctioned comprise the current test for whether a litigant is a 'prevailing party.' The issue here is whether the results of this litigation pass muster under that test." *Ali v. Gonzales*, 486 F.Supp.2d 1197, 1201 (W.D.Wash., 2007).

"EAJA creates a presumption that fees will be awarded unless the government's position was substantially justified." *Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988). This means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government has the burden to show that its position was substantially justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).

Plaintiffs, as the moving party, have the burden of establishing that their fee request is reasonable. *Golden Gate Audubon Soc., Inc. v. U.S. Army Corps of Engineers*, 738 F.Supp. 339, 344 (N.D. Cal., 1988) (citing *Blum v. Stenson,* 465 U.S. 886, 896 (1983)). To demonstrate that a fee enhancement is appropriate, Plaintiffs must demonstrate that (1) "the attorney must possess distinctive knowledge and skills developed through a practice specialty," (2) "those distinctive skills must be needed in the litigation," and (3) "those skills must not be available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). The Court has the discretion to adjust a fee application. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

**Analysis**

As a preliminary matter, the Court notes that the United States does not challenge that Routsons' EAJA fee application was timely filed and that the Routsons have satisfied EAJA's net worth requirement. (Doc. 67-3)

The United States' first argument is that the Routsons were not the "prevailing party" for EAJA purposes. (Doc. 70 at 9-14) The Court remanded the matter for further proceedings, a judicially sanctioned material alteration in the parties' legal relationship.

*Ali*, 486 F.Supp.2d at 1201. Accordingly, the Court concludes that the Routsons were the prevailing party in this matter.

The United States also argues that its position was substantially justified but does not challenge the Court's conclusion that the IBLA relied on a potentially erroneous survey. (Doc. 70 at 14-16) Accordingly, the Court concludes that the Government has not demonstrated that its position was substantially justified.

Finally, the Court, in its discretion, concludes that the Routsons' counsel have not demonstrated that their fee request is reasonable and they have not demonstrated that they are entitled to a fee enhancement beyond the maximum approved by the Ninth Circuit. *See* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (statutory maximum rates under EAJA).

Counsel have not provided any evidence to show that they have any experience with applications to correct land patents and the large amount of time billed for research indicates that their practice specialties have not, in fact, rendered them subject matter experts in appeals from the IBLA. (Doc. 67-4, 67-5, 67-6) Even if they had made such a demonstration, that experience is no guarantee of an enhancement.[1] The Court further notes that remand was predicated on a question of material fact that the Routsons did not raise and the remand Order detailed numerous gaps in the record that undermined the Routsons' claim. (Doc. 58 at 5-6) Accordingly, it does not appear that counsel's skills were applicable or relevant to this matter.

Finally, the Routsons' affidavit states that they only retained this counsel after other lawyers declined representation "because they viewed the likelihood of success to be low" and because this matter did meet the criteria for representation by a public interest law firm. (Doc. 67-3 at ¶5) This does not establish that the skills needed for this matter do not exist elsewhere just that retained counsel were the ones willing to accept the matter.

---

[1] By way of contrast, this Court regularly receives EAJA fee applications from lawyers who have deep and broad experience with the Social Security Administration. That "specialty" bar does not request, or receive, a fee enhancement.

- 3 -

**Conclusion**

<u>Fees</u>. Counsel has submitted a fee application detailing a total of 380.4 hours billed on this matter. (Doc. 67-2 at 19) Based on the Court's extensive experience with fee applications and dispositive motions, the Court concludes that 150 hours is a more appropriate amount of time to have spent on this matter. Based on the annual summary of hours billed in separate years, the Court will allocate the 150 hours evenly between 2016 and 2017 for a total of $29,210.25.[2] (Doc. 67-5 at 9)

<u>Fee Application</u>. Time spent preparing the EAJA fee application is compensable but that does not entitle counsel to ignore cost-effective procedures like using associates and paralegals for the bulk of the work. (Doc. 67-2 at 20-21) The Court will award a total of $1,967.90 for 10 hours of fee application preparation.

<u>Costs</u>. Plaintiffs' request for costs is reduced due to an excessive amount of Westlaw charges. Plaintiffs are awarded $2,185.00.

<u>Total</u>. In the Court's discretion, $33,363.15 is awarded to the Routsons.

**IT IS THEREFORE ORDERED** granting in part Plaintiffs' Application for an Award of Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act. (Doc. 67) Plaintiffs are awarded attorney fees under the Equal Access to Justice Act in the amount of $33,363.15.

Dated this 22nd day of June, 2018.

_____
David K. Duncan
United States Magistrate Judge

---

[2] This represents 75 hours at $192.68 (the 2016 rate) and 75 hours at $196.79 (the 2017 rate).